Date signed May 17, 2010



PAUL MANNES
U. S. BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| PAULINE J. KEARSE | : | Case No. 09-16416PM |
| | : | Chapter 7 |
| Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| KFORCE, INC. | : | |
| Plaintiff | : | |
| vs. | : | Adversary No. 09-0379PM |
| | : | |
| PAULINE J. KEARSE | : | |
| Defendant | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

**AMENDED MEMORANDUM OF DECISION**

      The Plaintiff, Kforce, Inc., moved for summary judgment as to the dischargeability of Debtor's obligations, pursuant to 11 U.S.C. § 523(a)(2), (4) and (6), under a Settlement Agreement and Mutual Release dated March 12, 2009, by and among Plaintiff, Debtor, and Headhunters, LLC, a copy of which is attached to its Proof of Claim (No. 7-1) filed June 12, 2009. The total amount of indebtedness claimed is $213,000.00. There are no disputed material facts. Defendant concedes the alleged facts underlying the dispute but urges that these facts do not entitle the Plaintiff to the relief sought, as all they establish is that Defendant breached her employment contract. The court disagrees. For the reasons stated herein, the court will enter summary judgment as to Counts II and III of the Complaint and deny summary judgment as to Count I of the Complaint.

      The fact that the Complaint is based upon a settlement agreement that resolved the case

of *Kforce, Inc. v. Kearse, et al.*, Civil Action No. 1:08-CV-00925, in the United States District Court for the District of Maryland is of no moment. For the reasons stated in the case of *Archer v. Warner*, 538 U.S. 314, 320-22 (2003), a debt embodied in the settlement of a case arises no less out of the underlying situation than a debt embodied in a prior judgment. The standard of proof for dischargeability actions under § 523(a) of the Code is the ordinary preponderance-of-the-evidence standard. *Grogan v. Garner*, 498 U.S. 279, 291 (1991). The same burden of proof applies to objections to discharge under 11 U.S.C. § 727(a). *Farouki v. Emirates Bank Int'l Ltd.*, 14 F.3d 244, 249 (CA4 1994). However, this settlement is pertinent to issue of dischargeability presented in this case only insofar as it liquidated the damages claimed. Whether this settlement survives Debtor's discharge is a matter for this court to determine. The court will deal with each of the counts of the complaint, but the Plaintiff need only prevail on one of the three to prevail on the dischargeablity claim.

The elements of an action under § 523(a)(2)(A) are:
(1) a fraudulent misrepresentation;
(2) that induces another to act or refrain from acting;
(3) causing harm to the plaintiff, and
(4) the plaintiff's justifiable reliance on the misrepresentation.
*In re Biondo*, 180 F.3d 126, 134 (CA4 1999); *In re Sabban*, -- F.3d --, 2010 WL 1443282 (CA9 2010); *In re Valdes*, 188 B.R. 533, 535 (BC Md. 1995). The record, as it stands now, does not reflect a misrepresentation made by the Debtor. As to this count, Plaintiff's claim is based upon Debtor's failure to disclose information (namely, that she misappropriated Plaintiff's property) and Debtor's engaging in conduct that created a false impression. The court finds that whether the Debtor made a fraudulent misrepresentation is an issue of fact and therefore will deny the Motion as to Count I.

Section 523(a)(4) provides:

> **11 U.S.C. § 523. Exceptions to discharge**
>
> (a) A discharge under section 727, 1141, 1228(a) 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt--
> \*          \*          \*          \*          \*
>
> (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

Here, Plaintiff asserts that Debtor's actions in misappropriating the business

opportunities of the Plaintiff constituted either larceny per se or embezzlement.  As explained in the case of *In re Miller*, 156 F.3d 598, 602 (CA5 1998), embezzlement consists of a fraudulent appropriation of property by a person into whose hands it was entrusted.  Debtor was entrusted with trade secrets that were of considerable economic value.  If Debtor was a fiduciary, clearly there was fraud or defalcation on her part.  However, in order to satisfy the second prong of Section 523(a)(4), Plaintiff need not prove that Debtor stood in a fiduciary capacity as to it.  *In re Spector*, 133 B.R.733, 741 (BC E.D. Pa. 1991).  Inasmuch as Debtor had no right whatsoever to use this information for her own benefit, this case unquestionably presents a misappropriation of property by a person to whom such property had been entrusted or into whose hands it had lawfully come.  "'A creditor proves embezzlement by showing that he entrusted his property to the debtor, the debtor appropriated the property for a use other than that for which it was entrusted, and the circumstances indicate fraud'". *In re Bucci*, 493 F.3d 635, 644 (CA6 2007) (quoting *In re Brady*, 101 F.3d 1165, 1173 (CA6 1996)).  *See also In re Miller*, *supra*; *In re Davis*, 155 B.R.123, 130 (BC E.D. Va. 1993).

    Section 523(a)(6) provides:

> **11 U.S.C. § 523.  Exceptions to discharge**
>
>     (a) A discharge under section 727, 1141, 1228(a) 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt--
>
> \*        \*        \*        \*        \*
>
>     (6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

At the outset, one must appreciate that this provision of the Bankruptcy Code does not exempt debts from discharge arising from negligently or recklessly inflicted injuries.  *See Saint Paul Fire and Marine Ins. Co. v. Vaughn*, 779 F.2d 1003, 1009 (CA4 1985) (noting that, in the context of Section 523(a)(6), "willful" means deliberate or intentional).  In the case of *Kawaauhau v. Geiger*, 523 U.S. 57 (1998), the Court concluded that, for a debt to be nondischargeable under § 523(a)(6), the debtor must have actually intended to cause injury, not merely an act resulting in an injury.  *Id*. at 61. The test then is whether the debtor acted with "objective substantial certainty [that harm would result] or a subjective motive to cause harm." *In re Miller*, 156 F.3d at 606.  Even viewing Debtor's actions as a breach of her employment contract, as Debtor urges the court to do, will not allow Debtor to prevail on this Count.  It has been acknowledged that breaches of contract may involve intentional or substantially certain injury.  *In re Williams*, 337 F.3d 504, 510 (CA5 2003).  Here, Debtor not only breached her

employment contract but also intentionally took action that necessarily caused or was substantially certain to cause injury to it.  *In re Delaney*, 97 F.3d 800, 802 (CA5 1996).  By Debtor's diversion of the contract opportunities of the Plaintiff, she must have intended the actual injury that resulted and not just intentionally pursued a course of action.  The injury to Plaintiff here was "willful and malicious" because there was either an objective substantial certainty of harm or a subjective motive to cause harm.  *In re Miller*, 156 F.3d at 606.

As noted by the court in *Kawaauhau*, when injury is "neither desired nor in fact anticipated by the debtor," it is outside the scope of Section 523(a)(6).  *Geiger*, 523 U.S. at 62.  Here, nothing could have been more certain than the fact that Debtor both desired and anticipated the result of injury to the Plaintiff, as well as the benefit to herself and her company.  Debtor urges that all she did was breach her employment contract but, "where an intentional breach of contract is accompanied by tortious conduct which results in willful and malicious injury, the resulting debt is excepted from discharge under § 523(a)(6)." *In re Jercich*, 238 F.3d 1202, 1205 (CA9 2001).  An appropriate order will be entered.

cc:
Robert K. Goren/Jeffrey M. Orenstein, Esq., 15245 Shady Grove Rd, #465, Rockville MD 20850
Eric N. Heyer/Christopher Schwartz, Esq., 1920 N Street, NW., #800, Washington, DC 20036
Cheryl E. Rose, Trustee, 12154 Darnestown Road, Box 623, Gaithersburg, MD 20878
Pauline J. Kearse, 3775 Spicebush Drive, Frederick, MD 21704

**End of Memorandum**